UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

———————————————————

In re:

SCOTT LEE STERN,

        Debtor

Chapter 7
Case No. 05-43937

———————————————————

SCOTT LEE STERN,

        Plaintiff

v.

MARYJANE STERN, et al.

        Defendants

Adversary Proceeding
Case No. 06-4223

———————————————————

## MEMORANDUM OF DECISION

      This matter came before the Court for hearing on May 17, 2007 upon the motions to dismiss filed by the following defendants: (1) MaryJane Stern; (2) Massachusetts Department of Revenue-Child Support Enforcement Division (hereinafter "MDOR"); (3) Northwestern District Attorney's Office; and (4) Hampshire Probate and Family Court, including the individual judges and officers associated with that court and named in this proceeding[1] (collectively "the Defendants")[2] [Docket # 14, 17, 20, and 25]. For the reasons set forth herein, the motions to dismiss are GRANTED and the objection of the plaintiff is OVERRULED.

---

[1] These defendants include: (a) Hampshire Probate and Family Court; (b) Sean Dunphy, Chief Justice of the Probate and Family Court; (c) Geoffrey Wilson, First Justice of the Franklin Probate and Family Court; (d) William O'Riordan, Chief Probation Officer of the Hampshire Probate and Family Court; (e) Kevin Macdonald, Assistant Probation Officer; (f) Pam Eldridge, Assistant Probation Officer; and (g) David Sullivan, Registrar of Probate, Hampshire Probate and Family Court.

[2] The other defendants named in this adversary proceeding, but not relevant to this Order include: Aid to Families with Dependent Children; Andrus & Willie, P.C.; Erin C. Willie; Estate of Samuel Marsella; and Elizabeth Scheibel, District Attorney.

Scott Lee Stern (hereinafter "Debtor") filed this adversary proceeding seeking to discharge his child support obligations under 11 U.S.C. § 523(a)(15) naming numerous parties as defendants. The Debtor claims that the Defendants conspired to deprive him of certain civil and parental rights in his divorce proceedings in the Hampshire Probate and Family Court, and because of that, his child support obligations should be dischargeable.[3] He also argues that his child support obligations should be dischargeable because he cannot afford to pay them on his limited disability income. After filing his complaint, the Debtor sought a stay of certain proceedings in the Hampshire Probate and Family Court, which motion was denied with an order that stated "CHILD SUPPORT OBLIGATIONS ARE PER SE NOT DISCHARGEABLE. SEE 11 U.S.C. § 523(A)(5)."[4]

The Defendants' motions to dismiss allege the same grounds for dismissal and are consolidated for purposes of this discussion. The Defendants seek dismissal under: (1) Fed. R. Civ. P. 12(b)(6) applicable through Fed. R. Bankr. P. 7012 arguing that the Debtor's child support obligations are non-dischargeable under Section 523(a)(5); (2) Fed. R. Civ. P. 10(b) applicable through Fed. R. Bankr. P. 7010(b) arguing that the Debtor failed to separately number the paragraphs in his complaint or limit them to a single set of circumstances as well as having other procedural deficiencies; and (3) U.S. CONST. amend. XI arguing that sovereign immunity, or a similar doctrine such as judicial, quasi-judicial, or prosecutorial immunity, protects the state defendants. The Debtor filed an opposition to the motions to dismiss, in which he also sought appointment of counsel under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. (hereinafter "ADA").

The Defendants seek dismissal under Rule 12(b)(6) arguing that child support obligations are non-dischargeable under Section 523(a)(5) and that therefore, the Debtor fails to state a claim upon which relief can be granted. Section 523(a)(5), before amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act (hereinafter "BAPCPA"),[5] stated:

> *(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—*

---

[3] In his objection and at the hearing, the Debtor argued primarily that the Defendants prevented him from obtaining a downward modification of his child support obligations.
[4] The order was entered on November 6, 2006 by Judge Henry J. Boroff, who recused himself from this adversary proceeding and the Debtor's bankruptcy #05-43937 on March 13, 2007.
[5] The Debtor filed his petition on June 8, 2005 before the effective date of BAPCPA on October 17, 2005 so the former section 523 of the Bankruptcy Code applies.

> **(5)** *to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that--*
>
>> **(A)** *such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or*
>> **(B)** *such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;*
>
> Pre-BAPCPA 11 U.S.C. § 523(a)(5).[6]

Judge Boroff already decided that the Debtor's child support obligations were *per se* non-dischargeable under Section 523(a)(5), which introduces principles of res judicata, or more specifically, claim preclusion to this Court's analysis. Claim preclusion "generally refers to the effect of a prior judgment in foreclosing successive litigation on the very same claim…" *In re Burke*, 354 B.R. 579, 581 (Bankr. D. Mass. 2006) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). "Claim preclusion, unlike issue preclusion, does not require the claim to have been actually litigated. That the party against whom claim preclusion is invoked had the *opportunity* to participate in the action is sufficient." *Burke*, 354 B.R. at 583 n. 4 (emphasis in original). Although the Court finds that Judge Boroff's order has a preclusive effect on the Debtor's claim against the Defendants, and would dismiss the complaint on that basis alone, the Court will continue with its analysis because of the Debtor's *pro se* status.

The Debtor argues that notwithstanding Section 523(a)(5), his child support obligations should be dischargeable under the former exceptions in Section 523(a)(15), which stated:

> **(a)** *A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—*
>
>> **(15)** *not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determintation made in accordance with State or territorial law by a government unit;* <u>**unless**</u>—
>>
>>> **(A)** *the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the*

---

[6] BAPCPA eliminated the entire statutory text of Section 523(a)(5) and replaced it with the term "domestic support obligation," which is defined in 11 U.S.C. § 101(14A).

3

> *maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or*
> **(B)** *discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;*

Pre-BAPCPA 11 U.S.C. § 523(a)(15) (emphasis added).[7]

The Debtor claims that he lacks the ability to pay his child support obligations on his limited disability income. Even if the Court were to accept this as true, his child support obligations are not dischargeable under either of the former exceptions found in Section 523(a)(15)(A) or (B). Section 523(a)(15) only applies to debts (such as property settlements) that arise during the course of divorce or separation, but are not covered by Section 523(a)(5) (or in other words, are not "domestic support obligations" as they are now known.) 4 COLLIER ON BANKRUPTCY ¶ 523.21, p. 523-118 (15th ed). The Debtor's child support obligations clearly fall within Section 523(a)(5) (and would now be considered "domestic support obligations") because, in the language of the pre-BAPCPA statute, they are a "debt…to a…child of the debtor, for…support of such…child, in connection with a separation agreement, divorce decree, or other order of a court of record." Pre-BAPCPA 11 U.S.C. § 523(a)(5). The Debtor's reliance on Section 523(a)(15) is misplaced; his child support obligations are non-dischargeable under the plain language of the former Section 523(a)(5) (as already ordered by Judge Boroff), and therefore, the Defendants' motions to dismiss are GRANTED under Rule 12(b)(6) as there is no set of facts which would entitle the Debtor to relief from this debt.

Moreover, most, although not all, of the Defendants are protected from liability in this adversary proceeding under some form of immunity, including judicial, quasi-judicial, prosecutorial, and possibly sovereign immunity.

The Defendants also raised procedural grounds for dismissal, particularly Rule 10(b), for the Debtor's failure to separately number the paragraphs in his complaint. Given that the Debtor is *pro se* and generally would be given the opportunity to amend his pleadings were the case not being dismissed on substantive grounds, however, the Court does not rest its holding on this basis.

Lastly, the Debtor asked the Court to appoint counsel because of his documented depression and bi-polar disorder and cited the ADA as a possible source of the Court's

---

[7] BAPCPA eliminated the exceptions found in Section 523(a)(15)(A) and (B).

authority to do this.  This is an issue of first impression and the Court is not aware of any bankruptcy courts that have appointed counsel under the ADA.  "An ADA plaintiff has no absolute right to an appointed counsel.  Rather the decision of whether to provide counsel lies solely within the discretion of the court."  *Pacheco v. Bedford*, 787 A.2d 1210, 1212 (R.I. 2002) (citing *Johnson v. City of Port Arthur*, 892 F. Supp. 835, 839 (E.D. Tex. 1995)).  In exercising this discretion, courts should consider the following factors: (1) whether the complainant has the financial ability to retain counsel; (2) whether the complainant has made a diligent effort to retain counsel; (3) whether the complainant has a meritorious claim; and (4) whether the complainant 'is capable of representing himself' or herself.  *Pacheco*, 787 A.2d at 1213 (citing *Tyson v. Pitt County Gov't*, 919 F. Supp. 205, 207 (E.D.N.C. 1996)).  The Court finds that the Debtor fails to meet this standard.  Even accepting the Debtor's assertions about his personal finances as true and viewing the Debtor's condition at the May 17, 2007 hearing, both of which would support findings in his favor on the first and fourth factors, the Court has no information about the Debtor's efforts to retain counsel and more importantly, has already determined in its discussion above that the Debtor lacks a meritorious claim.  Therefore, the Court finds that the Debtor is not entitled to appointed counsel.

For the reasons set forth herein, the Defendants' motions to dismiss [Docket # 14, 17, 20, and 25] are GRANTED.

A separate order will issue.


Dated: May 25, 2007                                         By the Court,


                                                            Joel B. Rosenthal
                                                            United States Bankruptcy Judge